Rhode Island Hospital Trust Company, Adm'r c. t. a.,
vs.
Arthur A. Sherman

No. 83241.

February 17, 1934.

CARPENTER, J. This is an action brought by the Rhode Island Hospital Trust Company, Adm'r. c. t. a., of the estate of Ella F. Sherman, of the town of Glocester. The action is brought to recover money alleged to belong to the estate of Ella F. Sherman, which the plaintiff claims the defendant wrongfully obtained from Ella F. Sherman, his mother.

The case was tried before a jury and the jury returned a verdict for the plaintiff in the sum of $26,296.73. The jury found in answer to special findings as follows:

1. Did the defendant promise to deliver to Ella F. Sherman the sums of money collected by him as alleged in the first count of the declaration? No.

2. Did the defendant unduly influence Ella F. Sherman and, with intent to defraud her, demand and receive from her orders for the payment of sums of money deposited in banks and a certain promissory note the said Ella F. Sherman was incompetent to draw, transfer and deliver to the defendant as alleged in the second count of the declaration? Yes.

In due time, the plaintiff filed a motion to increase the ad damnum in the case. The ad damnum as set out in the case as it stood at the time of the trial was $25,000. The defendant filed a motion for a new trial, alleging the usual grounds.

The Court will take up the motion of the defendant for a new trial first.

There was considerable evidence in the case on the part of the plaintiff to substantiate the allegations set forth in the declaration, and this Court feels that upon the evidence the jury were justified in returning the verdict that they did, and that substantial justice has been done.

As to the plaintiff's motion to increase the ad damnum, this Court does not feel that it has authority to do so after the jury have returned a verdict, and if the Court's belief in this matter is correct, the verdict must be reduced to $25,000; but if the Court is wrong in its belief and the Court has authority to increase the ad damnum, the ad damnum should be increased and the verdict brought in by the jury should stand, as the amount of the verdict returned by the jury is a correct mathematical calculation of the money that is due from the defendant to the plaintiff.

Motion for a new trial denied.

Motion to increase ad damnum denied.

For plaintiff: Messrs. Tillinghast & Collins.

For defendant: Henry M. Boss.